IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE STUCKY, | ) CIVIL NO. 06-00594 JMS/KSC |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR NEW TRIAL OR |
| vs. | ) RECONSIDERATION |
| | ) |
| STATE OF HAWAII, DEPARTMENT | ) |
| OF EDUCATION; PATRICIA | ) |
| HAMAMOTO, Superintendent; KEN | ) |
| NOMURA, Complex Area | ) |
| Superintendent; CATHERINE | ) |
| KILBORN, Principal, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL OR RECONSIDERATION

## I. INTRODUCTION

Before the court is Plaintiff Stephanie Stucky's ("Plaintiff") Motion for New Trial or Reconsideration of Order (1) Granting Defendants State of Hawaii and Catherine Kilborn's Motions for Summary Judgment; (2) Denying Plaintiff's Motion for Rule 56(f) Continuance; and (3) Striking Portions of the Declaration of Samuel Moore ("Motion for Reconsideration"). Pursuant to Local Rule 7.2(d), the court decides this motion without a hearing. After careful

consideration of the issues raised, the court DENIES Plaintiff's Motion for

Reconsideration.[1]

## II. __BACKGROUND__

The facts underlying the dispute in this action have been adequately

set forth in the court's January 25, 2008 Order (1) Granting Defendants State of

Hawaii and Catherine Kilborn's Motions for Summary Judgment; (2) Denying

Plaintiff's Motion for Rule 56(f) Continuance; and (3) Striking Portions of the

Declaration of Samuel Moore ("January 25, 2008 Order") and need not be

recounted here.  However, the procedural background relevant to Plaintiff's

Motion for Reconsideration is worth review.

Plaintiff alleged that she was suspended and terminated from her

employment with the State of Hawaii Department of Education in retaliation for

filing discrimination complaints.  Defendants filed two Motions for Summary

Judgment on October 3, 2007.  On November 15, 2007 -- the day Plaintiff's

opposition to the Motions for Summary Judgment was due -- Plaintiff's attorney

Andre Wooten ("Wooten") emailed Samuel Moore ("Moore"), Plaintiff's union

representative, a draft declaration for Moore's signature ("Moore Declaration").

---

[1] Contemporaneous to this Order, the court has filed an Order Imposing Sanctions against Plaintiff's attorney Andre Wooten for his conduct during the summary judgment portion of the case.

Although Wooten failed to receive a response from Moore,[2] he nevertheless submitted the Moore Declaration to the court on November 15, 2007 as part of Plaintiff's opposition to the Motions for Summary Judgment.  The Moore Declaration was not signed by hand, but contained a purported electronic signature, "/s/ Samuel Moore," in the space for Moore's signature.

The court held a hearing on Defendants' Motions for Summary Judgment on December 3, 2007, at which point Wooten argued that several statements in the Moore Declaration created genuine issues of material fact regarding Plaintiff's suspension and termination.  At no time did Wooten advise the court or Defendants that the Moore Declaration was neither approved nor signed by Moore.  After the argument, the court took the Motions for Summary Judgment under advisement.[3]

The court was informed at a December 20, 2007 status conference, that during a December 19, 2007 deposition, Moore stated that he had never seen and did not sign the Moore Declaration.  After further discussion, the court struck

_____

[2] Moore was out of the office during this time for medical reasons.

[3] Wooten again emailed Moore on December 12, 2007, requesting that he sign the declaration, to which Moore responded that he refused to sign it because "it contains much that is simply my opinion."  Pl.'s Ex. 3-A (Doc. No. 103).  Again, with the Motions for Summary Judgment under advisement, Wooten failed to advise the court that Moore rejected the declaration.

the Moore Declaration and granted Plaintiff until December 21, 2007 to file a

motion seeking leave to supplement the record.  On December 27, 2007, Plaintiff

filed a "Second Motion Allowing Filing of Samuel Moore Deposition in Lieu of

Draft Declaration."  Doc. No. 97.  The court held a status conference on Plaintiff's

motion on December 28, 2007, during which the court noted that at the December

3, 2007 hearing on Defendants' Motions for Summary Judgment, Wooten acted as

if the Moore Declaration had, in fact, been authored and signed by Moore, and

therefore Wooten deliberately misled the court.  Further, the court found that as of

December 12, 2007, Wooten knew that Moore had rejected the declaration, but

that for over a week, until December 20, 2007, Wooten did not inform the court.

Although the court struck the original Moore Declaration, it allowed Plaintiff to

file a declaration of Samuel Moore consistent with -- but no broader than --

Wooten's notes memorializing his pre-November 15, 2007 conversations with

Moore.  The court received and considered the subsequent declaration signed by

Moore submitted by Plaintiff on January 8, 2008, to the extent it complied with the

court's instructions.

On January 10, 2008, Plaintiff filed a "Rule 56(f) Motion to Allow

Filing of Exhibit 35 Attached to the Signed Deposition of Samuel Moore Filed

January 8, 2008."  Doc. No. 111.  Plaintiff argued that Moore's illness and

absence from work beginning sometime after November 15, 2007 -- the date

Plaintiff's opposition was due -- excused any lack of diligence in conducting

discovery.

In a January 25, 2008 Order, the court granted Defendants' Motions

for Summary Judgment.  Further, because the January 8, 2008 Moore Declaration

was not consistent in all material respects to Wooten's notes memorializing his

conversations with Moore, the court struck those portions that were improperly

submitted.  The January 25, 2008 Order also denied Plaintiff's Rule 56(f) Motion

seeking the filing of Exhibit 35 (the Moore deposition transcript), because

Plaintiff's motion -- filed over one month after the summary judgment hearing --

was not timely.  Plaintiff's Motion for Reconsideration followed.[4]

---

[4] Plaintiff's motion is entitled "Motion for New Trial or Reconsideration of Order
(1) Granting Defendants State of Hawaii and Catherine Kilborn's Motions for Summary
Judgment; (2) Denying Plaintiff's Motion for Rule 56(f) Continuance; and (3) Striking Portions
of the Declaration of Samuel Moore."  Although her motion indicates that she seeks a new trial
or reconsideration, and while not entirely clear, Plaintiff appears to request relief under Federal
Rule of Civil Procedure 60(b), which allows a party to seek relief from a final judgment, order, or
proceeding.  Because no final judgment has been entered, due to the pending Order to Show
Cause, the court construes Plaintiff's motion as a motion for reconsideration brought under Local
Rule 60.1, which states:

> Motions for reconsideration of interlocutory orders may be brought only
> upon the following grounds:
> > (a) Discovery of new material facts not previously available;
> > (b) Intervening change in law;
> > (c) Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must be filed not more
> > (continued...)

## III.  <u>STANDARD OF REVIEW</u>

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir.

---

[4](...continued)
than ten (10) business days after the court's written order is filed.

Even if the court were to treat Plaintiff's Motion for Reconsideration under the provisions of Rule 60(b) that are cited in her motion, Plaintiff fails to show excusable neglect pursuant to Rule 60(b)(1), newly discovered evidence under Rule 60(b)(2), or any other reason that justifies relief under Rule 60(b)(6).  Although the court construes this as a motion for reconsideration properly brought under Local Rule 60.1, whether treated as a Local Rule 60.1 or Rule 60(b) motion, the outcome is the same.

1988); *see also* Local Rule 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact").

## IV.  ANALYSIS

The court construes Plaintiff's motion as seeking relief based on (1) the discovery of new evidence not previously available; and (2) the need to correct clear or manifest error in law.  The court considers each in turn.

## A.    Newly Discovered Evidence

Plaintiff asks the court to consider the depositions of Moore taken December 19, 2007 and Defendant Catherine Kilborn taken on December 28, 2007, both of which were taken after the December 3, 2007 hearing on Defendants' Motion for Summary Judgment.

To base a motion for reconsideration on the discovery of new evidence, Plaintiff is "*obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citation and quotation signals omitted); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in

7

the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

The evidence Plaintiff now proffers was readily available at the time that she opposed Defendants' motions.  Plaintiff provides no evidence or argument as to why she did not or could not depose the witnesses prior to filing the opposition on November 15, 2007, and the information contained in the depositions relates to events occurring well prior to the filing of Plaintiff's opposition.  Further, Plaintiff does not allege that she "could not with reasonable diligence have discovered" the evidence contained in the depositions of Moore or Kilborn.  *See Frederick S. Wyle Prof'l Corp.*, 764 F.2d at 609; *see also Wallis*, 26 F.3d at 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence."); *Martinez v. Wawona Frozen Foods*, 247 Fed. Appx. 883, 885 (9th Cir. 2007) (holding that plaintiff's efforts to depose certain witnesses "did not constitute new evidence because the opportunity to depose the [witnesses] had long been present and [plaintiff] was given ample time to pursue

the necessary discovery."). Thus, there has been no "newly discovered" information; rather, Wooten's lack of diligence kept this evidence from being considered by the court in the first instance.

Further, the court rejects Plaintiff's claim that "newly discovered" evidence was not previously available because of Moore's illness. This argument is unsupported by the record, and, even if true, not a basis for reconsideration.

Although Plaintiff claims that Moore was unavailable between November 15, 2007 and December 19, 2007, no explanation is provided as to why Moore did not complete a declaration or was not deposed *before* November 15, 2007 -- the date Plaintiff's opposition was due. In fact, Wooten had conversations with Moore in October and early November, 2007, but waited until November 15 to email a draft declaration for Moore's consideration. Plaintiff has presented no evidence that Moore was unable to supply the information to defend the summary judgment motions in October or early November.[5] Simply put, Plaintiff's failure to secure a declaration or to depose Moore before November 15, 2007 does not magically render Moore's December 19, 2007 deposition "newly discovered

---

[5] In fact, in Plaintiff's December 27, 2007 Memorandum in Support of her Motion to Allow Filing of Deposition of Samuel Moore in Lieu of Draft Declaration (Doc. No. 97), Plaintiff states that Moore had a "sudden and surprise illness, . . . which made him unavailable as a witness or Declarant for weeks *after* November 15, 2007. . . ." (emphasis added).

9

evidence."  Rather, it could have been obtained in a timely manner with reasonable diligence on Plaintiff's part.  In short, the failure to present a valid declaration or deposition from Moore as part of November 15 opposition to the motions for summary judgment rests squarely on Wooten, not Moore.  "The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment."  *Johnny Blastoff, Inc. v. L.A. Rams Football Co.,* 188 F.3d 427, 439 (7th Cir. 1999).

Even if the court assumes -- as Plaintiff appears to request -- that Moore was ill prior to November 15, considering Moore's December 2007 deposition at this point would severely undermine the orderly administration of justice and award Plaintiff for the failure to obtain timely information from Moore. Plaintiff admits that she was unaware of Moore's illness until December 2007, Pl.'s Mem. in Supp. 8, but nonetheless argues that her failure to obtain a declaration or deposition prior to November 15 should be excused because of Moore's illness.  In other words, she claims that she should be excused for the failure to obtain evidence from Moore prior to November 15 because of his illness, even though she was unaware of the illness.  Such an argument lacks reason, seeking a benefit in the litigation based on events unknown to her.  After all, if

10

Moore was not ill prior to November 15, Plaintiff would have no excuse for failing to obtain the evidence.  She now seeks to take advantage of an alleged illness which was not known to her until December, even though Wooten did not approach Moore with a draft declaration until November 15, the day Plaintiff's opposition was due.  This argument is specious.

**B.**     **Manifest Error in Law**

To the extent Plaintiff argues that the January 25, 2008 Order was a clear manifest error in law or fact, her claim is based entirely on arguments already presented to, and rejected by, the court.  The court briefly addresses Plaintiff's arguments.

As to Plaintiff's 42 U.S.C. § 1983 claim based on retaliation in violation of the First Amendment, she argues in her Motion for Reconsideration simply that she was retaliated against for exercising her First Amendment rights concerning a matter of public concern, and that her speech was protected.  To the extent Plaintiff argues that her speech was protected, in the January 25, 2008 Order, the court found that "[e]ven assuming, however, that Plaintiff engaged in protected speech, she fail[ed] to meet her burden as to the third-prong [that her speech was a substantial or motivating factor for the adverse employment action]

on summary judgment." January 25, 2008 Order at 53. Plaintiff has made no showing of legal or factual error in the court's decision.

Next, with respect to Plaintiff's claim that medical records show that the student injured in her class did not sustain any injuries, the court can discern no legal significance to this argument. At best, Plaintiff appears to allege that her suspension based on her conduct when the student was injured in her class was a "false and trumped up charge." This argument is completely unsupported by the factual record. Further, nothing in the court's January 25, 2008 Order addressed or relied upon whether or not the student was actually injured. In fact, Plaintiff was suspended for failure to follow various Department of Education policies[6] during the classroom incident -- regardless of whether or not the student was actually injured. Finally, the court has already considered Plaintiff's allegation that the student was not injured.[7] Thus, Plaintiff offers no support for her claim that the court should reconsider its decision on these grounds.

---

[6] Defendants concluded that Plaintiff violated several Department of Education policies "when she failed to aid the injured student, failed to seek proper medical assistance, failed to contact the student's parent, and failed to follow up on the student's condition." January 25, 2008 Order at 35.

[7] The January 25, 2008 Order considered Plaintiff's claims that her union, "after looking at student's medical history, found that the child had leg problems inherited from both parents and that the incident in class that day did not create any injury that already wasn't there." January 25, 2008 Order at 13 (*quoting* Pl.'s Decl. ¶ 11).

Finally, Plaintiff's argument that she presented sufficient evidence of pretext on her Title VII claims is unavailing.  The court thoroughly addressed the pretext portion of the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework in the January 25, 2008 Order, and Plaintiff points to no manifest error in law or fact.  She simply rehashes earlier arguments rejected by the court, and attempts to supplement them with statements from Moore's December 19, 2007 deposition and Kilborn's December 28, 2007 deposition.  In sum, Plaintiff fails to "demonstrate reasons why the court should reconsider its prior decision . . . [or] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson*, 947 F. Supp. at 430.

## V.  <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Motion for Reconsideration is DENIED.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 6, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Stucky v. State of Hawaii et al.*, Civ. No. 06-00594 JMS/KSC, Order Denying Plaintiff's Motion for New Trial or Reconsideration